## J. FRANK PATTERSON ET AL. v. THE STATE OF NEW JERSEY.

Submitted March 28, 1898—Decided June 13, 1898.

A conspiracy to extort money from a person who has violated the criminal law, by threatening to have him prosecuted for the infraction unless he pays the moneys demanded, is an indictable offence.

---

On error to the Monmouth Sessions.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the plaintiffs in error, *Joseph Reiley, R. Ten Broeck Stout and Wesley B. Stout.*

For the state, *Wilbur A. Heisley,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, J.    The plaintiffs in error were indicted and convicted of the crime of conspiracy.

The averment in the indictment was that J. Frank Patterson and Jacob B. Rue, being evil-disposed and dishonest persons, and wickedly desiring, contriving and intending, knowingly, corruptly and unlawfully, to cheat and defraud one John Carroll of his moneys, did wickedly, falsely, fraudulently and unlawfully conspire, combine, confederate and agree together to cheat and defraud the said John Carroll of the sum of $12.50.

The indictment then sets forth the following overt act: "That in order to carry into effect such wicked, &c., combination and agreement the said J. Frank Patterson, then and

there representing not only himself but also the said Jacob B. Rue, told the said John Carroll that the said Jacob B. Rue had the names of fourteen men who could be used as witnesses against the said John Carroll to prove that he, the said John Carroll, had, on divers occasions and to divers persons, violated the liquor laws of the State of New Jersey by making illegal and unlawful sales of liquors to such divers persons as aforesaid, and that unless said John Carroll paid to said Jacob B. Rue the sum of twelve dollars and fifty cents, that the said Jacob B. Rue would send the names of said fourteen witnesses to the grand jury of the county of Monmouth then thereafter to sit, and have him, the said John Carroll, indicted by the said grand jury aforesaid, and that by reason of said representations (all of which were to the knowledge of the said J. Frank Patterson and Jacob B. Rue absolutely, falsely and wickedly devised and intended by the said J. Frank Patterson and Jacob B. Rue for the purpose of cheating and defrauding the said John Carroll of the said sum of twelve dollars and fifty cents) the said John Carroll did then and there, at the time and place aforesaid, pay to the said Jacob B. Rue, for the use of the said Jacob B. Rue and the said J. Frank Patterson, the sum of five dollars, being part and parcel of the said sum of twelve dollars and fifty cents so as aforesaid demanded by the said J. Frank Patterson and the said Jacob B. Rue."

The principal ground relied upon by the plaintiffs in error for reversing the judgment below is that, because it appeared on the trial that the said Carroll had, on several occasions, violated the liquor laws of the state, the crime of which they were guilty was not of conspiring to defraud Carroll, but rather of conspiring with him to obstruct public justice.

I confess that I am unable to perceive any force in this contention. If it be sound, then a person who violates the criminal law thereby subjects himself not only to the punishment provided by statute for his transgression, but also renders himself liable to be blackmailed, with impunity, by every unscrupulous scoundrel who suspects his infraction of

the law. It needs no argument to refute such a proposition. A conspiracy to extort money from a person who has committed a crime by working upon his fear of discovery is just as deserving of punishment as one the purpose of which is to extort money by the same method from a person who has merely been indiscreet, and it is just as criminal an act.

The other assignments of error relate to the form of the indictment and to the admission of testimony, but they are not of such a character as to need discussion here. It is enough to say that, as to the criticisms of the indictment, similar objections were considered by this court in the case of *State* v. *Young*, 8 *Vroom* 184, and were there declared to be without merit. The testimony objected to was, we think, properly admitted.

The judgment below should be affirmed.